# IN THE SUPREME COURT OF THE STATE OF NEVADA

JARVIS G. JACKSON
Appellant,
vs.
MEGAN ELIZABETH HOAGLAND,
Respondent.

No. 63427

FILED

JAN 07 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to set aside an order establishing child custody. Eighth Judicial District Court, Clark County; Kenneth E. Pollock, Judge.

In 2010, appellant Jarvis Jackson filed a complaint to establish paternity. Jackson stipulated to fathering J.J., a minor child not joined in the proceedings. J.J.'s mother, respondent Megan Hoagland, failed to respond to the complaint. The district court's resultant default judgment found that Jackson was J.J.'s natural father. However, a subsequent DNA test revealed that Jackson was not J.J.'s biological father. On February 26, 2013, Jackson filed an NRCP 60(b) motion for relief from judgment, seeking a finding of non-paternity. The district court denied Jackson's motion, and he appealed.

On appeal, Jackson contends that J.J. was an indispensable party whose joinder was required.[1] We agree. Pursuant to NRS 126.101(1) (2007):

---

[1]A party may raise issues of jurisdiction for the first time on appeal. *Provenzano v. Long*, 64 Nev. 412, 414, 183 P.2d 639, 640 (1947). Hence, this argument was not waived.

16-00495

> The child *must* be made a party to the action. If he is a minor, he must be represented by his general guardian or a guardian ad litem appointed by the court. The child's mother or father may not represent the child as guardian or otherwise.

(Emphasis added.)[2] In this case, the district court failed to join J.J. as a party to the action. That failure renders its judgments void.

Moreover, we note that the district court failed to properly consider Jackson's NRCP 60(b) motion for relief from judgment. Pursuant to NRCP 60(b), a party may be relieved from a final judgment for mistake or fraud. Jackson argued in his NRCP 60(b) motion that Hoagland deceived him into believing that he was J.J.'s father. Additionally, Hoagland recognized at the hearing that it was not until J.J. was two-years-old that she informed Jackson he may not be J.J.'s father, lending credence to Jackson's claim of mistake or fraud. But the district court failed to inquire further, instead addressing its previous forewarning that its earlier paternity determination would be final, and then summarily denying Jackson's motion. We conclude that this failure by the district court to properly consider and make findings as to Jackson's claim of mistake or fraud was an abuse of discretion. *See State v. Eighth Judicial Dist. Court*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) ("An arbitrary or capricious exercise of discretion is one founded on prejudice or

---

[2]NRS 126.101(1) was amended in 2013, rendering joinder of the child and representation by a guardian permissive, rather than mandatory. 2013 Nev. Stat., ch. 209, § 2, at 791. We note that the amendment does not influence the outcome here.

preference rather than on reason, or contrary to the evidence or established rules of law." (internal quotations omitted)). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Department J
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Attorney General/Las Vegas
Eighth District Court Clerk